IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**SEAN GILMORE,**                                    Case No. 3:18 CV 1489

      Plaintiff,                                Judge Jack Zouhary

      v.                                       Magistrate Judge James R. Knepp, II

**SGT. BLANKENSHIP, et al.,**

      Defendants.                               REPORT AND RECOMMENDATION

## INTRODUCTION

This is a case under 42 U.S.C. § 1983 in which *pro se* prisoner Plaintiff Sean Gilmore ("Plaintiff") alleges Defendant Sgt. Blankenship ("Defendant") failed to protect him from an attack by a fellow inmate.[1] Currently pending before the Court is Defendant's Motion for Summary Judgment (Doc. 49), which Plaintiff opposed (Doc. 56), and Defendant replied (Doc. 58). For the reasons discussed below, the undersigned recommends Defendant's Motion (Doc. 49) be GRANTED.

## BACKGROUND[2]

On the morning of April 20, 2017, the date of alleged incident, Plaintiff, then an inmate at the North Central Correctional Complex ("NCCC") in Marion, Ohio, received a disciplinary write-

---

1. This case originally involved additional defendants and additional claims. *See* Docs. 3, 5. However, as previously stated, Plaintiff's only remaining claim at this juncture is his failure to protect claim against Sgt. Blankenship. *See* Doc. 7, at 5 (report and recommendation dismissing all but this claim, adopted by Doc. 9); *see also* Doc. 24, at 3, Doc. 40, at 2. To the extent Plaintiff continues to argue his previously-dismissed claims, the undersigned does not address them.

2. As discussed in greater detail below, Plaintiff has submitted very little admissible evidence in support of his opposition to Defendant's Motion for Summary Judgment. For purposes of clarity

up, or "ticket". (Doc. 49-1, at 4) (Conduct Report describing contraband found in Plaintiff's bunk). Plaintiff requested this shakedown due to his bunkmates having contraband. (Plaintiff's Affidavit, Doc. 55, at 1). Defendant, who was filling in as Unit Sergeant in Plaintiff's unit that day, read the ticket to Plaintiff. *Id.*; *see also* Defendant's Affidavit, Doc. 49-2, at 1.

Defendant asserts that as he read the ticket, Plaintiff told him he wanted to move beds, but that he did not advise Defendant of any specific safety risk, or that he felt threatened by other inmates. (Defendant's Affidavit, Doc. 49-2, at 1). Defendant denied Plaintiff's request because it was not a designated "bed move" day. *Id.*

Plaintiff asserts in his (unsworn) Complaint that he was assaulted by a fellow inmate on April 21, 2017[3] at approximately 3:50 p.m. (Doc. 3, at 1). He asserts he was attacked with an aluminum cane in the face, back, shoulder, and elbow, and that he injured his ankle defending himself. *Id.* at 3.

That evening, at 5:30 p.m., Plaintiff was stopped for being in the yard without a pass. (Doc. 49-1, at 5) (Conduct Report). He told correctional officers he was going to medical, and was informed that he needed a pass to do so. *Id.* The officers' report indicates Plaintiff stated he was unable to walk, "fell to the ground laughing at everyone", and then "acted as if he was not

---

only, the undersigned references some the allegations from Plaintiff's Complaint herein. These pleadings were not verified, however, and as such cannot be used to establish facts for purposes of summary judgment. *See Mourad v. Homeward Residential, Inc.,* 517 F. App'x 360, 366 (6th Cir. 2013) ("a *verified* complaint . . . carries the same weight as would an affidavit for purposes of summary judgment[.]") (citation omitted); *Miller v. Jones*, 483 F. App'x 202, 203 (6th Cir. 2012) ("[C]ourts should consider the allegations in a *pro se* prisoner's verified complaints (which are effectively affidavits) before entering judgment against him, even if the prisoner fails to cite that evidence in response to a motion for summary judgment.").

3. Plaintiff uses the April 21, 2017 date, however, the incident, disciplinary, and medical records from Defendant identify the date as April 20, 2017. *See* Docs. 49-1 & 49-2. This factual difference does not affect the substance of the recommendation made herein.

2

responsive." *Id.* Emergency medical services were called. *Id.* A medical examination report from 5:50 p.m. states Plaintiff was "[f]ound laying on back on path in yard"; he complained of headache and neck pain, as well as an inability to move his right leg and right arm. (Medical Exam Report, Doc. 49-1, at 8). Plaintiff told medical providers he had been hit on the back of the head several times with a cane. *Id.* at 7; *see also* Doc. 49-1, at 5 (Conduct Report stating Plaintiff reported being assaulted with a cane, and that he was taken to medical). No injuries or positive findings were noted on examination. (Medical Exam Report, Doc. 49-1, at 8) ("No injuries found. No marks on the head. Was able to stand and sit in wheelchair with minimal assistance. Pedal push and pull strong and equal. Leg lift strong bilat. Hand grasps firm bilat. Moves head and neck without reduced ROM. Alert and oriented X 3. PERRL. Capillary refill brisk in all extremities."). He received no treatment and was released back to the housing unit. *Id.* Plaintiff received a disciplinary write-up for disobeying orders, being disrespectful in a threatening manner, and misusing medical services as he was not having an emergency. (Conduct Report, Doc. 49-1, at 5).

At 5:45 p.m., a correctional officer found a shank under the mattress in Plaintiff's bunk. (Conduct Report, Doc. 49-1, at 6).

At 6:15 p.m., Plaintiff told another correctional officer that "an unknown [i]nmate did assault him with a cane" and he was sent to medical "for a clinic check." (Incident Report, Doc. 49-1, at 7). At the second examination, at 6:30 p.m. which was noted to be a "[pre]-seg assessment", Plaintiff complained of headache and pain in his right elbow. *Id.* at 10. He was alert and oriented with no visible injury, and he had normal neurological and circulatory checks. *Id.* He was provided Motrin for his headache, and an ice pack for his elbow pain. *Id.* He was released to segregation. *Id.*

3

In June 2017, Lorri Schuler, who is employed Management & Training Corporation as the Institutional Inspector for NCCC, conducted an investigation of the incident. (Shuler Affidavit, Doc. 49-1, at 1-2). Ms. Shuler noted that "[n]o camera footage that showed the alleged assault on Plaintiff Gilmore was available for use" in her investigation. *Id.* at 2. She interviewed Plaintiff, who she described as uncooperative. *Id.* She also noted he did not identify his assailant by name, and did not tell her that he had advised any staff member of a known threat prior to the assault. *Id.* As part of her investigation, Ms. Shuler also reviewed the conduct reports, incident reports, and two medical examinations of Plaintiff completed on April 20, 2017. *Id.* at 2-3. As a result of her investigation, Ms. Shuler "found no evidence to prove Plaintiff Gilmore was assaulted on April 20, 2017." *Id.* at 3.

At some point while he was in medical, Plaintiff saw his aggressor while he was awaiting his daily medication. (Plaintiff's Affidavit, Doc. 55, at 1).

### STANDARD OF REVIEW

Pursuant to Federal Civil Rule 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The moving party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). This burden "may be discharged by

'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*.

**DISCUSSION**

Defendant has moved for summary judgment, arguing Plaintiff cannot demonstrate a genuine issue of material fact on his failure-to-protect claim. Specifically, Defendant argues: 1) Plaintiff has provided no admissible evidence the assault occurred; 2) Plaintiff failed to alert Defendant to any risk of harm; 3) Plaintiff cannot recover when there is no evidence he suffered any harm; and 4) Defendant cannot be held liable for failure to protect from a single, isolated incident. Plaintiff filed an opposition (Doc. 56) and requested subpoenas (Docs. 54, 56). Liberally construed, Plaintiff's opposition asserts there are issues of fact for trial, and that he should have additional opportunities to obtain discovery.[4]

To prevail on a 42 U.S.C. § 1983 claim, a plaintiff must demonstrate: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was caused by someone acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50 (1999). Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). And prison officials must "take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). To establish an Eighth Amendment claim against Defendant, therefore, Plaintiff must present evidence showing that Defendant was deliberately indifferent to a known risk of harm to Plaintiff. *Farmer*, 511 U.S. at 825; *see also Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997).

---

4. Plaintiff's requests for further discovery are addressed in an Order filed contemporaneously with this Report and Recommendation.

5

A prison official may be held liable for his failure to protect inmates from attacks by other inmates only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. But the prison official must exhibit more than a lack of due care for a prisoner's safety to rise to the level of an Eighth Amendment violation. *Id*. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. It is not enough that the official "should" have perceived a significant risk but did not. *Id*. An Eighth Amendment claim also requires an inmate to plead and prove that he suffered some non-*de minimis* physical injury. *Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).

Evidence

The Court pauses at the outset to note the evidentiary standards applicable at the summary judgment stage. Rule 56 requires parties to support their factual assertions with admissible evidence. Fed. R. Civ. P. 56(c), (e); *Viergutz v. Lucent Techs., Inc.,* 375 F. App'x 482, 485 (6th Cir. 2010). It is well-settled that a *pro se* plaintiff is held to less stringent pleading standard than a trained lawyer, and therefore, this Court is required to construe Plaintiff's *pro se* complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding the liberal treatment of *pro se* pleadings, a *pro se* plaintiff still bears the burden of setting forth specific facts demonstrating a genuine issue of material fact where the opposing party has moved for summary judgment. *Black v. Parke*, 4 F.3d 442, 448 (6th Cir. 1993); *see also Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 746 (S.D. Ohio 1998) (liberal pleading standard "does not mean, however, that *pro se* plaintiffs are entitled to take every case to trial").

In *Viergutz,* the Sixth Circuit noted that, when opposing summary judgment, a party must support his opposition with admissible evidence, rather than relying on allegations or denials in unsworn filings. 375 F. App'x at 485. The court explicitly held that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion." *Id.* (dismissing *pro se* claims for lack of admissible supporting evidence); *see also Zainalian v. Memphis Bd. of Educ.,* 3 F. App'x 429, 431 (6th Cir. 2001) (affirming the lower court's decision to disregard the *pro se* plaintiff's unsworn affidavit and to grant summary judgment against him; "[a]s [the plaintiff] neither verified his affidavit nor complaint, signed them under oath, nor signed them under penalty of perjury . . . , the facts averred to therein lacked the force and effect of an affidavit for purposes of responding to a motion for summary judgment"); *United States v. Brown,* 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion"; although the plaintiff had made relevant factual allegations, he "did not file an affidavit to this effect nor did he sign any pleading under penalty of perjury").

In support of his motion for summary judgment, Defendant attaches and cites sworn Affidavits from himself (Doc. 49-2) and Institutional Inspector Lorri Shuler (Doc. 49-1). Plaintiff's 44-page opposition makes numerous factual allegations, and arguments. *See* Doc. 56. Neither this document, nor Plaintiff's Complaint or Amended Complaint is verified. *See* Docs. 3, 5, & 56. Contemporaneously with, but separate from, his opposition, Plaintiff filed a two-page Affidavit. (Doc. 55).

No Known Risk of Harm

Preliminarily, Defendant asserts Plaintiff has not provided any evidence to prove an assault occurred. Even assuming, *arguendo*, that the assault did occur, Plaintiff's Eighth Amendment

7

claim would still fail because Plaintiff has failed to produce any admissible evidence that Defendant was deliberately indifferent to a known risk of harm. Defendant has produced evidence to show he was not aware of any such danger. (Defendant's Affidavit, Doc. 49-2, at 2) ("At no time did Plaintiff Gilmore advise Affiant that he felt there was any risk to Plaintiff Gilmore's safety; that he was threated [sic] by his bunk-mate; or that any other inmate had threatened him."); (Schuler Affidavit, Doc. 49-1, at 2) ("Plaintiff Gilmore did not represent to Affiant that any staff member at NCCC failed to protect him from harm, or that he advised any staff member that he feared for his safety or had received any threats on the day of his alleged assault."). Plaintiff has presented no admissible evidence to the contrary. Statements made in Plaintiff's Complaint and in his opposition brief are not admissible evidence. *See* Fed. R. Civ. P. 56(c), (e); *Viergutz*, 375 F. App'x at 485; *Brown,* 7 F. App'x at 354. And Plaintiff's Affidavit contains nothing to contradict Defendant's evidence on this point. *See* Doc. 55.

Although there is evidence Plaintiff made a request to Defendant for a bed move, *see* Doc. 49-2, at 2 ("Plaintiff Gilmore advised Affiant that he wanted to move beds during Affiant's reading of the disciplinary ticket), there is no admissible evidence he gave Defendant a specific reason. And, to reiterate, Defendant has produced evidence to show he was not aware of any such danger. *Id.* Summary judgment is thus appropriate. *See Gant v. Campbell*, 4 F. App'x 254, 256 (6th Cir. 2001) ("Gant's Eighth Amendment claim fails because he did not allege that the defendants were deliberately indifferent to a specific, known risk to his safety . . . Although Gant expressed a general concern, he had not received any threats prior to being transferred, nor did he identify any particular gang members whom he feared."). "Put another way, a general request for protection is not enough to trigger [E]ighth [A]mendment liability." *Slider v. Howell*, 2018 WL 1606036, at *4 (S.D. Ohio) (citing *Gant*, 4 F. App'x at 356), *report and recommendation adopted*, 2018 WL

2048882. Thus, Plaintiff's argument that his request for a bed move "must be interpreted as a request for protection" (Doc. 56, at 26), falls flat. The undersigned concludes that on these facts, Plaintiff's request for a bed move, without further detail, in insufficient to create a genuine issue of material fact as to whether Defendant as aware of (and thereafter disregarded) a specific risk to Plaintiff's safety.

There is no genuine issue of material fact as to whether Defendant was made aware of a risk of harm, and as such summary judgment is appropriate on Plaintiff's failure-to-protect claim. *See Farmer*, 511 U.S. at 837 ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); *Bush v. Dickerson*, 2017 WL 3122012, at *3 (6th Cir.) ("Because Bush cannot show that Campbell knew of the substantial risk of serious harm, no genuine issue of material fact exists, and the defendants are entitled to summary judgment on the claims against Campbell.").

No Harm

Although it is not necessary to reach Defendant's additional arguments, the undersigned notes that summary judgment could also be granted on the following alternative basis. Not only has Plaintiff failed to produce any admissible evidence of a known risk of harm, he has also failed to produce any admissible evidence to create a genuine issue of material fact as to any harm *at all*. Defendant has produced two medical reports from the date of the alleged incident showing there was no visible injury noted, and no abnormal test results. (Doc. 49-1, at 8, 10). And Plaintiff has produced no admissible evidence to the contrary. At best, his affidavit states: "while I was in medical [I] saw my aggressor before I was about to leave medical in a wheelchair." (Doc. 55, at 1). This is insufficient to create a genuine issue of material fact as to whether Plaintiff suffered any harm. In *Branham v. Grinage*, the Sixth Circuit found that where "[t]he plaintiff failed to state that

9

he actually suffered any harm from the alleged failure to protect him", the district court properly dismissed his case because "[a] § 1983 claim only occurs when the threats or threatened conduct results in a constitutional deprivation." 869 F.2d 1488, 1989 WL 11070 (6th Cir. 1989), (citing *Macko v. Byron*, 760 F.2d 95, 97 (6th Cir. 1985) (per curiam)). Similarly here, at the summary judgment stage, Plaintiff has filed to produce any admissible evidence showing he suffered any harm in violation of the Eighth Amendment. And Defendant has provided evidence demonstrating he was not. As such, there is no genuine issue of material fact and summary judgment is appropriate. *See Leonard v. Mohr*, 2012 WL 423771, at *6 (S.D. Ohio) ("Where a claimant cannot meet the objective element that a substantial risk of serious harm exists, he cannot meet the subjective element that the defendant was aware of the risk and disregarded it."), *report and recommendation adopted*, 2012 WL 936410; *see also Wells v. Jefferson Cty. Sheriff Dept.*, 159 F. Supp. 2d 1002, 1010 (S.D. Ohio 2001) ("Absent any assault on him, Wells's Eighth Amendment failure-to-protect claim has no substance. . . In the instant case, the reaction of the Jail staff to the threat of assault on Wells served to protect him from further assault. He suffered no physical injury as a result of the officials' treatment. Accordingly, Wells has no viable claim under the Eighth Amendment[.]"); *McDuffie v. Steward*, 2014 WL 4467685, at *5 (W.D. Tenn.) ("In addition, Plaintiff has offered no evidence that he suffered any more than *de minimis* injury as a result of the alleged assault on April 6, 2011. . . [W]hen he was examined by the nurse shortly after the incident, she noted that Plaintiff had only old bruises and slight redness to his neck and upper chest. There were no cuts and no bleeding, and the nurse noted that no treatment was given because Plaintiff had no injuries…. [A]s there is no evidence that Plaintiff's injuries were other than de minimis, his claims against [Defendants] must also fail.").

10

Although the factual allegations in Plaintiff's Complaint and opposition brief might have been sufficient to survive a motion to dismiss, the standard at summary judgment is different. Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting his opinion. *Celotex Corp.*, 477 U.S. at 324; *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006) ("Arguments in the parties' briefs are not evidence."). In sum, Plaintiff has submitted no admissible evidence to create a genuine issue of material fact as to the above issues. As such, the undersigned recommends Defendant's Motion for Summary Judgment (Doc. 49) be granted.

## CONCLUSION

For the reasons stated above, the undersigned recommends the Court GRANT Defendant's Motion for Summary Judgment (Doc. 49).


 s/James R. Knepp II
United States Magistrate Judge


*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

11