IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Sean Gilmore, | Case No. 3:18 CV 1489 |
| Plaintiff, | ORDER ADOPTING |
| -vs- | REPORT AND RECOMMENDATION |
| Benjamin Blankenship, | JUDGE JACK ZOUHARY |
| Defendant. | |

Plaintiff *pro se* Sean Gilmore, a prisoner (Doc. 70-2), alleges that a fellow prisoner beat him with an aluminum cane in 2017 (Doc. 3 at ¶¶ 1, 11). According to Gilmore, Defendant Benjamin Blankenship's failure to prevent the attack deprived him of his Eighth Amendment rights (*id.* at ¶¶ 22–23). Blankenship is employed in the prison where the alleged attack occurred (Doc. 49-2 at ¶ 2). Claims against other individuals have been dismissed (Doc. 9).

Discovery ended in November 2018 (Doc. 34 at ¶ 9). Shortly after, Blankenship filed a Motion for Summary Judgment (Doc. 49). Gilmore opposed (Doc. 56), and Blankenship replied (Doc. 58). Magistrate Judge James Knepp then issued a Report and Recommendation (R&R), which concludes the Motion should be granted (Doc. 61 at 1). Gilmore objects (Docs. 67–69). This Court reviews these objections de novo. *See* 28 U.S.C. § 636(b)(1).

"A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (citations and internal quotation marks omitted). Deliberate indifference requires subjective awareness of the risk. *Id.* at 829. So, to survive summary judgment, Gilmore must produce sufficient evidence suggesting

Blankenship knew another inmate was likely to attack him. The R&R finds no such evidence -- indeed, it finds evidence to the contrary -- and recommends dismissal on that basis (Doc. 61 at 8). The R&R explains that Gilmore's claim should also be dismissed on a second, independent basis: undisputed evidence that he suffered no injury (*id.* at 9).

Gilmore's rambling, generally incoherent objections provide no reason to doubt these conclusions. Therefore, this Court adopts the R&R (Doc. 61) in its entirety. Blankenship's Motion (Doc. 49) is granted, and Gilmore's lawsuit is dismissed. Gilmore's Motion for Jury Trial (Doc. 70) is denied as moot. An appeal of this Order could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

                                                s/ *Jack Zouhary*
                                                JACK ZOUHARY
                                                U. S. DISTRICT JUDGE

August 14, 2019